MEMORANDUM **
Alexander Popov, a native and citizen of Russia, petitions for review of the Board of Immigration Appeals’ (“BIA”) denial of his *878 appeal from an immigration judge’s (“IJ”) order of removal and of the BIA’s denial of his motion to reopen and remand based on ineffective assistance of counsel. In the consolidated case, No.. 05-55834, Popov appeals from the district court’s denial of his habeas corpus petition.
1. We deny the petition for review insofar as it contends that Popov is not removable as charged for overstaying his visa. None of the authorities cited by Popov prohibits the government from commencing removal proceedings.
2. The BIA addressed Popov’s ineffective assistance of counsel claim insofar as it pertains to the revocation of his visa petition, concluding that he did not show prejudice from prior counsel’s failure to challenge the revocation or to appeal it: ‘We do not find on the face of the record ... that the DHS would have reversed itself upon receiving a response from the respondent’s counsel.” The BIA’s use of the “would have reversed itself’ standard is incorrect and an abuse of discretion. See Maravilla v. Ashcroft, 381 F.3d 855, 858 (9th Cir.2004) (per curiam) (“Petitioners must demonstrate that counsel’s performance was so inadequate that it may have affected the outcome of the proceedings. They need not show that they would win or lose on any claims.” (emphasis added; internal quotation marks and citations omitted)).[1]
In his pro se motion to reopen and remand based on ineffective assistance of counsel, Popov generally challenged the revocation of his visa petition, invoking the statutory language of former 8 U.S.C. § 1155. Because Popov’s lawyer had failed to challenge the revocation at all, Popov is entitled under the standards of ineffectiveness applicable to removal proceedings to a presumption of prejudice that is not rebutted if he shows a plausible ground for relief. See Siong v. INS, 376 F.3d 1030, 1037-38 (9th Cir.2004).
We conclude that Popov satisfied the prejudice requirement by showing a plausible ground for relief, based on law in effect at the time the ineffective assistance of counsel was rendered. The Second Circuit held in Firstland International, Inc. v. INS, 377 F.3d 127 (2d Cir.2004), that “Section 1155 did not authorize the INS’s decision to revoke [a] visa pétition after [the beneficiary] had entered the United States.” Id. at 129. That § 1155 has been amended in a manner the government contends permits the revocation is not pertinent to the prejudice issue, as a timely challenge may have succeeded in forestalling the revocation under the former statute in time to permit Popov’s adjustment of status. See Castillo-Perez v. INS, 212 F.3d 518, 528 (9th Cir.2000) (stating that prejudice analysis should not be affected by legal changes depriving a petitioner of “the benefit of the old law”). We therefore grant and remand this aspect of the petition for review.
The government has noted BIA precedent holding that the Board lacks jurisdiction over appeals by visa petition beneficiaries, as opposed to the petitioners themselves, with respect to visa petition revocations in categories other than Popov’s. See Matter of Sano, 19 I. & N. Dec. 299, 1985 WL 56053 (BIA 1985). We need not decide at this juncture whether the BIA may generally assess ineffective assistance of counsel with respect to visa petition revocations. The BIA decision presently under review assumed that the Board could do so, presumably because *879 the visa petition revocation at issue underlay the denial of Popov’s adjustment of status, and, if improper, affected the validity of the adjustment of status proceedings.
3. With respect to Popov’s cancellation of removal application, the BIA’s decision did not address two of Popov’s objections to the IJ’s denial of relief: that the IJ improperly denied prior counsel’s motion to reopen, and that prior counsel also provided ineffective assistance with regard to the cancellation issue. “This court has held that the BIA must indicate with specificity that it heard and considered petitioner’s claims.” Maravilla, 381 F.3d at 858 (internal quotation marks and citation omitted). As the BIA did not meet this standard, we remand this aspect of the petition for review as well.
4. Given our resolution of Popov’s petition for review, it may not be necessary for us to decide Popov’s appeal of the district court’s denial of habeas relief. We therefore vacate submission of case No. OS-55334 pending further order of the court, and hold it in abeyance pending the BIA’s ruling on remand. The parties are directed to notify the court immediately after the BIA’s decision on remand. This panel shall retain jurisdiction over any further petition for review.
No. 05-55334: SUBMISSION VACATED.
No. 05-70001: PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED. Costs on appeal are awarded to Popov.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

. We note, and the government acknowledges, that the BIA's statement that Popov "did not comply with the requirements set forth in Matter of Lozada,” 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1988), is unexplained and, in our view, unsupported by the record.