United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 6, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

06-10499

SANDY GHANEM; AYED GHANEM,

Plaintiffs-Appellants,

v.

EVELYN UPCHURCH, Acting Director
US Citizenship & Immigration Services
Nebraska Service Center; DR EMILIO GONZALEZ,
Director US Citizenship & Immigration Services;
MICHAEL CHERTOFF, SECRETARY,
DEPARTMENT OF HOMELAND SECURITY;
ALBERTO R GONZALES, US ATTORNEY GENERAL,

Defendants-Appellees.

Appeal from the United States District Court for the
Northern District of Texas, Fort Worth

Before REAVLEY, DeMOSS, and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

The sole argument raised on this appeal is whether the decision of the Secretary of Homeland Security to revoke a visa pursuant to 8 U.S.C. section 1155 is discretionary, thus stripping this Court of jurisdiction to review the decision. *See* 8 U.S.C. § 1252(a)(2)(B)(ii). Finding that the decision is an exercise of

discretion, we affirm the district court's dismissal for lack of jurisdiction.

I.   BACKGROUND

In 2002, Sandy Ghanem, a citizen of the United States, married Ayed Ghanem, a citizen of Jordan.  Sandy filed an immigrant visa petition on behalf of Ayed, which was approved in 2004.  Subsequently, the United States Citizenship and Immigration Services (CIS), a division of the Department of Homeland Security, initiated proceedings to revoke the visa and served her with a "Notice of Intent to Revoke."  After Sandy responded to the notice, the CIS revoked the previously approved visa.

The Ghanems appealed the CIS's decision to the Board of Immigration Appeals (BIA).  The BIA affirmed the decision to revoke without an opinion.   The Ghanems filed a complaint for review of the revocation of the visa in district court.  The district court ruled that it lacked jurisdiction over the complaint and dismissed it.  Appellants now appeal.

II.  ANALYSIS

This Court reviews a district court's dismissal for lack of subject matter jurisdiction de novo.  *Lee v. Gonzales*, 410 F.3d 778, 780 (5th Cir. 2005).  As previously set forth, the sole issue on appeal is whether the decision to revoke a visa pursuant to 8 U.S.C. section 1155 involved the exercise of discretion, thus stripping this Court of jurisdiction to review the decision.  *See*

8 U.S.C. § 1252(a)(2)(B)(ii).  Section 1252(a)(2)(B)(ii) provides

that no court shall have jurisdiction to review:

> any . . . decision or action of the Attorney General or
> the Secretary of Homeland Security the authority for
> which is specified under this subchapter to be in the
> *discretion* of the Attorney General or the Secretary of
> Homeland Security, other than the granting of relief
> under section 1158(a).

(emphasis added).

To determine whether the above-quoted statute applies to

preclude jurisdiction, this Court must look to the statutory

provision governing the revocation of a visa, which is 8 U.S.C.

section 1155.  Section 1155 provides that:  "The Secretary of

Homeland Security may, at any time, for what he deems to be good

and sufficient cause, revoke the approval of any petition approved

by him under section 1154 of this title."  Although this Court has

not addressed this precise question, at least three other circuits

have squarely addressed the issue and have split.

The Seventh Circuit was the first to reach the issue and

quickly concluded that "the discretionary nature of the decision is

apparent from the plain language of the statute."  *El Khader v.

Monica*, 366 F.3d 562, 567 (7th Cir. 2004).  The Third Circuit

agreed.  In *Jilin Pharmaceutical v. Chertoff*, 447 F.3d 196 (3d Cir.

2006), the Court relied on the following language of section 1155

to determine that the decision to revoke was discretionary.  The

Secretary "may" revoke approval, recognizing that the word "may"

indicates discretion.  The Court pointed out that the revocation

3

may be "at any time," which also connotes discretion. Additionally, section 1155 allows revocation if the Secretary "deems" there is good and sufficient cause. Finally, the Court opined that "'for what [the Secretary] deems to be good and sufficient cause' is arguably so subjective as to provide no meaningful legal standard." *Id.* at 204.

On the other hand, the Ninth Circuit, over a dissent, concluded that it had jurisdiction because the "authority . . . to revoke petitions is bounded by objective criteria." *ANA Int'l v. Way,* 393 F.3d 886, 894 (9th Cir. 2004). The Ninth Circuit held that the "good and sufficient cause" language of section 1155 "constituted a legal standard the meaning of which we retain jurisdiction to clarify." *Id.* at 893.[1] The Court also indicated that to the extent there was any ambiguity in a jurisdiction-stripping statute, it is to be resolved in favor of jurisdiction. *Id.* at 894.[2]

Additionally, the Second Circuit has stated that "although the

---

[1] The Ninth Circuit's holding also relied upon another statutory provision not at issue in the instant case.

[2] This Court previously has disagreed with the Ninth Circuit's determination that a decision was not discretionary. *Compare Wilmore v. Gonzales*, 455 F.3d 524 (5th Cir. 2006) (holding that determination of "extreme cruelty" under 8 U.S.C. § 1229b(b)(2)(A)(i) (I) is discretionary and thus we do not have jurisdiction pursuant to § 1252(a)(2)(B)(ii)), *with Hernandez v. Ashcroft*, 345 F.3d 824, 833-35 (9th Cir. 2003) (holding that it had jurisdiction because the determination of "extreme cruelty" under § 1229b(b) was a reviewable legal and factual one).

4

substance of the decision that there should be a revocation is committed to the discretion of the Attorney General, section 1155 [also] establishes mandatory notice requirements that must be met in order for the revocation to be effective." *Firstland Int'l v. INS*, 377 F.3d 127, 131 (2d Cir. 2004). Ultimately, the Second Circuit ruled that it had jurisdiction to review whether the mandatory notice requirement had been met. However, that is not in conflict with the reasoning of the Third and Seventh Circuit. Indeed, the Third Circuit recognized the holding in *Firstland Int'l* and explained that subsequent to that decision Congress had deleted the mandatory notice requirements in section 1155. *Jilin Pharmaceutical*, 447 F.3d at 203 (citing *Firstland Int'l*, 377 F.3d at 132; § 5304(c), 118 Stat. at 3736). The Third Circuit correctly reasoned that "Congress's elimination of this [mandatory notice] requirement strongly indicates an intent to strengthen the discretion of the Secretary . . . to revoke approval of petitions." *Id.*

We follow the lead of the Third and Seventh Circuits. The statutory language indicates that the decision is left to the discretion of the Secretary. The only language that indicates that the discretion could be limited is the "good and sufficient cause" phrase. However, when read in context and as a whole, the statute makes clear that Congress delegates to the Secretary the decision to determine what constitutes good and sufficient cause: "The

5

Secretary . . . may, at any time, *for what he deems to be* good and sufficient cause, revoke the approval of any petition approved by him . . . ." 8 U.S.C. § 1155 (emphasis added). Congress's intent is apparent: the good and sufficient cause is what the Secretary deems it to be. The word "deem" has been defined as follows: "to sit in judgment upon." *Webster's New Int'l Dictionary* 589 (3d ed. 1981). We interpret the phrase "for what he deems" as vesting complete discretion in the Secretary to determine what constitutes good and sufficient cause. To suggest otherwise and create a judicial standard or "clarification" for good and sufficient cause would replace the Secretary's judgment with judicial oversight clearly not contemplated by the statute. In sum, the district court correctly dismissed the claim for lack of jurisdiction.

For the above reasons, the judgment of the district court is AFFIRMED.