**Bebe R. TOUSSAINT,\* Petitioner,**

v.

**Alberto GONZALES, Respondent.**

No. 05–3302–ag.

United States Court of Appeals,
Second Circuit.

May 10, 2007.

Robert A. Cini, Howard M. Rosengarten, P.C., New York, NY, for Petitioner.

Kenneth A. Stahl, Assistant United States Attorney (Steven Kim, Assistant United States Attorney, on the brief), for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Respondent.

Present: AMALYA L. KEARSE, ROSEMARY S. POOLER, Circuit Judges, RICHARD MILLS,\*\* District Judge.

### SUMMARY ORDER

Petitioner Bebe Toussaint, a native and citizen of Guyana, seeking to challenge the lawfulness of her removal order, petitions for review of the decision of the United States Immigration and Customs Enforcement ("ICE") refusing to join Toussaint's proposed motion to reopen deportation proceedings before the Board of Immigration Appeals ("BIA"). The underlying removal order was issued on January 14, 1988, when an immigration judge ("IJ") ordered Toussaint to depart voluntarily. Toussaint did not appeal that order, but now seeks to reopen proceedings with the consent of ICE. *See* 8 C.F.R. § 1003.2(c)(3)(iii) (no time limitation on motions to reopen where motion is "agreed upon by all parties and jointly filed").

Toussaint now seeks judicial review of ICE's decision not to join in her proposed motion to reopen, arguing that ICE unlawfully failed to follow its own internal procedures. Because the ICE decision is not a final order of removal, we lack jurisdiction over Toussaint's claim. *See* 8 U.S.C. § 1252; *see also Prado v. Reno,* 198 F.3d 286, 292 (1st Cir.1999) ("The District Counsel's decision in this case [not to join the motion to reopen] was not a final order of removal, and [8 U.S.C. § 1252(b)] does not grant the courts of appeals jurisdiction to review the underlying decisions of the INS.").

Moreover, even if we had jurisdiction to consider whether ICE lawfully exercised its discretionary power, ICE's decision would not be reviewable, because the relevant regulation, 8 C.F.R. § 1003.2(c)(3)(iii), provides no meaningful standards against which to judge the agency's exercise of its discretion. *See* 8 U.S.C. § 1252(a)(2)(B); *see also Kambolli v. Gonzales,* 449 F.3d 454, 461 (2d Cir.2006); *Aguilera v. Kirkpatrick,* 241 F.3d 1286, 1293 (10th Cir. 2001) ("The regulation challenged by the petitioners clearly does not create a liberty interest.... Because the regulation lacks criteria or standards limiting official discretion, the government has unfettered discretion to deny the requested relief for no reason at all. The petitioners' failure to receive discretionary relief does not therefore rise to a constitutionally protected interest."); *Prado,* 198 F.3d at 292 ("[T]he INS's decision whether to consent to reopening ... is not justiciable. The regulation prescribes no standards or guidelines for this exercise of discretion, and, there-

---

\* The Clerk of the Court is directed to correct the spelling of Bebe Toussaint's name in the official caption to accord with the spelling in this order.

\*\* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

fore, it is not subject to review in this court."). Although Toussaint points to the agency's internal guidance memorandum on reviewing requests to reopen, that memorandum, like the regulation itself, creates no enforceable right. *See* INS Memorandum for Regional Counsel re Motions to Reopen for Consideration of Adjustment of Status dated May 17, 2001 ("This memorandum is intended solely for the guidance of INS personnel in performing their duties. It is not intended to, does not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by any individual or other party in removal proceedings, in litigation with the United States, or in any other form or manner."); *United States v. Ng,* 699 F.2d 63, 71 (2d Cir.1983) (concluding that a "policy [that] is merely an internal guideline for exercise of prosecutorial discretion [is] not subject to judicial review," and emphasizing that the policy "is not a statute or regulation; nor is it constitutionally mandated"); *see also United States v. Craveiro,* 907 F.2d 260, 264 (1st Cir.1990) ("[T]he internal guidelines of a federal agency, that are not mandated by statute or the constitution, do not confer substantive rights on any party."); *cf. Firstland Int'l, Inc. v. INS,* 377 F.3d 127, 132 (2d Cir.2004) (holding that the INS was deprived of any discretion to revoke approval of an immigrant visa petition when it failed to follow *statutorily-mandated* notice requirement); *Montilla v. INS,* 926 F.2d 162, 166 (2d Cir.1991) (agency failed to comply with Congressionally-mandated regulation providing right to counsel in removal proceedings).

Finally, to the extent that Toussaint challenges the legality of her underlying deportation order, we lack jurisdiction because Toussaint never perfected her appeal of that order and therefore she has not exhausted her administrative remedies. *See* 8 U.S.C. § 1252(d)(1) (The court of appeals has jurisdiction over "a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right.").

For the reasons set forth above, Toussaint's petition for review is **DISMISSED.**