**FIRSTLAND INTERNATIONAL, INC.,**
Shao Zeng Chai, Plaintiffs–
Appellants,

v.

**U.S. IMMIGRATION & NATU-
RALIZATION SERVICE,**
Defendant–Appellee.

No. 06–1704–ag.

United States Court of Appeals,
Second Circuit.

Jan. 25, 2008.

Alan Lee, New York, NY, for plaintiffs-appellants.

Kenneth A. Stahl, Assistant United States Attorney (Varuni Nelson, Assistant United States Attorney, of counsel, on the brief) for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, NY, for defendant-appellee.

Present: Hon. AMALYA L. KEARSE, Hon. ROBERT A. KATZMANN, Circuit Judges, Hon. JED S. RAKOFF, District Judge.[1]

## SUMMARY ORDER

Plaintiffs-appellants Firstland International, Inc. and Shao Zeng Chai sued the U.S. Immigration and Naturalization Service (the "INS"),[2] seeking an award of attorneys' fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). We assume the parties' familiarity with the facts, the proceedings below, and the specification of issues on appeal.

Under the EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . .

brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Government bears the burden of showing that its position was "substantially justified," and to meet that burden, it must show that its action was "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). "To be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve." *Id.* at 566, 108 S.Ct. 2541. The Government's position includes both "the position taken by the United States in the civil action[ ] [and] the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D); *see also Comm'r, Immigration & Naturalization Serv. v. Jean,* 496 U.S. 154, 159, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990).

We review the district court's determination that the Government's position was substantially justified for abuse of discretion. *See, e.g., Pierce,* 487 U.S. at 562, 108 S.Ct. 2541. A court abuses or exceeds its discretion when its decision rests on an error of law or a clearly erroneous factual findings, *see, e.g., Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), or, even if not resulting from such an error, when it "cannot be located within the range of

1. The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

2. The INS has ceased to exist as an independent agency, certain of its functions having been transferred as of March 1, 2003, to the Department of Homeland Security, *see* 6 U.S.C. § 291, and the functions at issue here are being performed by what is now called the Bureau of Citizenship and Immigration Services within the Department of Homeland Security, *see* 6 U.S.C. § 271(b).

permissible decisions," *Zervos v. Verizon N.Y., Inc.,* 252 F.3d 163, 169 (2d Cir.2001).

■ Under the former 8 U.S.C. § 1155, "[t]he Attorney General may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under [8 U.S.C. § ]1154." *See also* 8 C.F.R. § 205.2(a) ("Any Service officer authorized to approve a petition under [§ 1154] may revoke the approval of that petition upon notice to the petitioner on any ground other than those specified in § 205.1 when the necessity for the revocation comes to the attention of this Service."). Relying on various publications and statements by INS officials, the plaintiffs argue that the INS could revoke its approval of the petition at issue here only upon a showing of "gross error." We disagree. None of the publications or statements upon which the plaintiffs rely creates legally enforceable rights of the type that would require the INS to find "gross error" before it could revoke the approval of such a petition. *Cf. United States v. Ng,* 699 F.2d 63, 71 (2d Cir.1983) (holding that a Department of Justice internal policy was not legally enforceable). Moreover, even assuming, *arguendo,* that the INS was obligated to adhere to a "gross error" standard, the district court did not abuse its discretion insofar as it held that the INS was "substantially justified" in concluding that the "gross error" standard was satisfied in this case.

When this case was before us last, we noted *nostra sponte* that the third sentence of former § 1155, which provided, "In no case, however, shall such revocation have effect unless ... notice of the revocation is communicated ... to the beneficiary of the petition before such beneficiary commences his journey to the United

States," might deprive the INS of the authority to revoke its approval of the visa petition of a beneficiary already in the United States.[3] We requested supplemental briefing on the issue, which the parties supplied. Subsequently we held that the "plain language" of the third sentence of the former § 1155 contained "no ambiguity" in imposing an "unequivocal[ ] limit[ation]" on the INS's authority to revoke its approval of a visa petition when the beneficiary is already in the United States. *Firstland Int'l, Inc. v. U.S. Immigration & Naturalization Serv. ("Firstland I"),* 377 F.3d 127, 131–32 (2d Cir.2004). In so holding, we explicitly considered and rejected the rationales of two cases that the government cited to support the INS's position, to wit, *ANA International, Inc. v. Way,* 242 F.Supp.2d 906, 916 (D.Or.2002), and *In re Vilos,* 12 I. & N. Dec. 61, 64 (BIA 1967). To the extent that *Vilos* ruled that the INS had discretion under § 1155 to revoke its approval of the visa petition of an alien who was already in the United States, we concluded that the decision was "arbitrary, capricious, or manifestly contrary to the statute." *Firstland I,* 377 F.3d at 131 (internal quotation marks omitted). *ANA International* had held that § 1155 was facially ambiguous and deferred to the BIA's view in *Vilos. See* 242 F.Supp.2d at 916. The matter of whether a statute is ambiguous is a question of law, *see, e.g., Humanoids Group v. Rogan,* 375 F.3d 301, 306 (4th Cir.2004), and we held in *Firstland I* that the pertinent language of § 1155, which stated that "[i]n no case, however, shall revocation have effect unless ... notice of the revocation is communicated ... to the beneficiary of the petition before such beneficiary commences his journey to the United

---

3. In 2004, Congress amended § 1155, striking this sentence. Intelligence Reform & Terrorism Prevention Act of 2004, Pub. L. No. 108–458, § 5304(c), 118 Stat. 3638, 3736.

States," was "plain," "unequivocal[ ]," and held "no ambiguity." 377 F.3d at 131–32.

The district court here, in finding that the government's position in the litigation was substantially justified, stated that *ANA International* and *Vilos* supported the government's position and "[i]t therefore appears that the INS's argument was quite reasonable." In *Pierce v. Underwood*, however, the Supreme Court held that even though prior judicial decisions may be, to some extent, relevant, "the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified." 487 U.S. at 569, 108 S.Ct. 2541; *see also id.* at 568, 108 S.Ct. 2541 (noting that views of other courts on the merits "can be relevant, [but] we do not think they provide a conclusive answer[ ] in either direction").

█ The district court's conclusion in this case that the government's position was substantially justified because it was consistent with *ANA International* and *Vilos* thus applied an erroneous legal standard, and hence was an abuse of discretion. Given our conclusions in *Firstland I* that the *ANA International* decision was erroneous as a matter of law in finding a "plain" and "unequivocal[ ]" statute ambiguous and that the *Vilos* decision was "arbitrary, capricious, or manifestly contrary to the statute," 377 F.3d at 131–32 (internal quotation marks omitted), the district court could not properly find that the government's position in the litigation was substantially justified.

█ Nonetheless, the EAJA provides that an award of attorneys' fees would be inappropriate if "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). We have held that an award of fees under the EAJA may be unjust "where all of the fees were expended on discrete efforts that achieved no appreciable advantage, and where the claim of the prevailing parties rests largely on a result to which the claimant made no contribution." *United States v. 27.09 Acres of Land*, 43 F.3d 769, 773 (2d Cir. 1994). As noted above, the dispositive issue in *Firstland I* was one that we raised *nostra sponte*. In contrast, the claim initially advanced by plaintiffs, to wit, that the INS had no authority to revoke its approval of Firstland's petition in the absence of "gross error," was without merit and contributed nothing to the ultimate decision of the appeal or to the decision of the district court on remand. We consider this to be a "special circumstance" in that, if fees were awarded to Firstland in the full amount requested, such an award would give Firstland a windfall for useless efforts. Plaintiffs' only contribution to their ultimate victory in the underlying case was the supplemental brief they submitted at this Court's request. We conclude that an award of fees for any amount greater than the cost of preparing that supplemental brief would be unjust.

Accordingly, we reverse the judgment of the district court to the extent that it denied plaintiffs' request for attorneys' fees and expenses in their entirety, and we remand for a determination by that court of appropriate fees and expenses for preparation of their supplemental brief to this Court in *Firstland I*, and for an award in the amount determined.

We have considered all of plaintiffs-appellants' other arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED** in part, **REVERSED** in part, and **REMANDED.**