09-1115-ag
Zhisong v. Holder

BIA
Chew, IJ
A 072 783 606

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of June, two thousand ten.

PRESENT:
    JOSÉ A. CABRANES,
    ROBERT A. KATZMANN,
    DEBRA ANN LIVINGSTON,
        *Circuit Judges.*

_____

LIU ZHISONG,
        *Petitioner,*

        v.                                          09-1115-ag
                                                    NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Sandra Greene, York, PA.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Terri J. Scadron, Assistant
                       Director; Lauren Ritter, Law Clerk,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Liu Zhisong, a native and citizen of the People's Republic of China, seeks review of a February 17, 2009, order of the BIA affirming Immigration Judge ("IJ") George T. Chew's November 24, 2008, denial of his motion to reopen. *In re Liu Zhisong*, No. A 072 783 606 (B.I.A. Feb. 17, 2009), *aff'g* No. A 072 783 606 (Immig. Ct. N.Y. City Nov. 24, 2008).  We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the agency's denial of Zhisong's motion to reopen for abuse of discretion.  *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).  An alien may only file one motion to reopen and must do so within 90 days of the final administrative decision.  8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2).  Although Zhisong's motion was indisputably untimely, there is no time or numerical limitation if the alien establishes materially "changed country conditions arising in the country of nationality."  8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

2

The BIA did not abuse its discretion in finding that the birth of Zhisong's two U.S. citizen children constituted a change in his personal circumstances, rather than a change in country conditions sufficient to excuse the untimely filing of his motion to reopen. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006). Moreover, although Zhisong argues that "the landscape of the law applicable to [his motion to reopen] has sufficiently shifted," and that "China's application of its birth policies has shifted," he submitted no evidence of changed country conditions with his motion. *See* 8 C.F.R. § 1003.2(c)(1) (stating that "[a] motion to reopen proceedings . . . shall be supported by affidavits or other evidentiary material).

The BIA also did not abuse its discretion in finding that Zhisong was not prejudiced by the IJ's failure to address his argument that he had adjusted his status to that of a lawful permanent resident. *See Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (holding that an alien must establish that he was prejudiced by the alleged error in order to prevail on a due process claim). The BIA properly found that Zhisong failed to submit evidence sufficient to establish that he had adjusted his status,

3

because "[a]n approved visa petition is merely a preliminary step in the visa application process," and is therefore insufficient, without more, to establish lawful permanent residency.[1] *See Firstland Intern., Inc. v. I.N.S.*, 377 F.3d 127, 129 n.3 (2d Cir. 2004) (internal citation omitted)

Finally, the BIA did not abuse its discretion in holding that Zhisong was also not prejudiced by the IJ's failure to address his claim that he was eligible for cancellation of removal. As the BIA found, Zhisong was statutorily ineligible for that form of relief. Removal proceedings replaced deportation proceedings in immigration cases commenced on or after April 1, 1997. *See* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546 (enacted Sept. 30, 1996) ("IIRIRA"). Because Zhisong's proceedings commenced prior to the IIRIRA's effective date, the provisions regarding cancellation of removal do not apply to him. *See* 8 U.S.C. § 1229b(b) (setting forth eligibility requirements for cancellation of removal)*; Escobar v. Holder*, 567 F.3d 466, 475 (9th Cir. 2009) ("The

---

[1] In his brief, Zhisong appears to concede that he lost his status when his father divorced.

4

possibility of cancellation only arises when removal proceedings have been initiated."); *see also* Delegation of Authority to the Immigration and Naturalization Service to Terminate Deportation Proceedings and Initiate Removal Proceedings, 65 Fed. Reg. 71273, 71274 (proposed Nov. 30, 2000) (describing the administrative "repapering" procedure whereby aliens in deportation proceedings rendered ineligible for suspension of deportation by virtue of IIRIRA's retroactive stop-time rule could seek termination of deportation proceedings and initiation of removal proceedings in order to apply for cancellation of removal). Instead, Zhisong was required to seek suspension of deportation under 8 U.S.C. § 1254(a)(1) (repealed in 1996 with the enactment of IIRIRA), but failed to do so. *See Arenas-Yepes v. Gonzales*, 421 F.3d 111, 116-17 (2d Cir. 2005) (holding that because petitioner's proceedings commenced after the enactment of IIRIRA, petitioner was statutorily ineligible for suspension of deportation).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5