JOHN M. FEROLITO, Individually and as Cotrustee for the JOHN FEROLITO, JR. GRANTOR TRUST, et al. Respondents, et al., Plaintiff, v DOMENICK J. VULTAGGIO et al., Appellants. (And a Third-Party Action.) [925 NYS2d 506]—

Order and judgment (one paper), Supreme Court, New York County (Martin Shulman, J.), entered November 10, 2010, inter alia, declaring that no "Employment Separation Event" has occurred with respect to plaintiff Ferolito, unanimously affirmed, with costs.

The owners' agreement defines employment separation event (ESE) as "[t]he voluntary agreement of an Executive to deem himself subject to an [ESE]." The motion court correctly found that this definition presents "a totally subjective standard, to be defined only by [the executive]" (*see e.g. Ghanem v Upchurch*, 481 F3d 222, 225 [5th Cir 2007] ["We interpret the phrase 'for what he deems (to be good and sufficient cause)' as vesting complete discretion in (him) to determine what constitutes good and sufficient cause"]). Ferolito established that no ESE has occurred for him by stating in an affidavit that he had never entered into any voluntary agreement to deem himself subject to an ESE. None of the voluminous evidence the Vultaggio defendants submitted controverts this statement.

Moreover, nothing in the disputed clause connotes an obligation on the part of an executive to participate in management on a daily basis or risk being subject to an ESE. Thus, the evidence of Ferolito's involvement in the company before and after the execution of the agreement does not avail defendants.

Nor did defendants demonstrate that further discovery is warranted (*see* CPLR 3212 [f]; *Voluto Ventures, LLC v Jenkens & Gilchrist Parker Chapin LLP*, 44 AD3d 557 [2007]).

We have considered defendants' remaining contentions and find them unavailing. Concur—Saxe, J.P., Sweeny, Catterson, Freedman and Manzanet-Daniels, JJ.