**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1313**

MOMOH BANGURA; FATMATA BANGURA,

    Plaintiffs - Appellants,

  v.

WILLIAM P. BARR, Attorney General; KIMBERLY ZANOTTI, Field Office Director; SARAH TAYLOR, District Director; CHAD F. WOLF, Acting Secretary, Department of Homeland Security; KEN CUCCINELLI, Acting Director, U.S. Citizenship and Immigration Services,

    Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:18-cv-01290-CMH-IDD)

Submitted: October 24, 2019      Decided: November 15, 2019

Before AGEE and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Danielle Beach-Oswald, BEACH-OSWALD IMMIGRATION LAW ASSOCIATES, PC, Washington, D.C., for Appellants. Joseph H. Hunt, Assistant Attorney General, William C. Peachey, Director, Gisela A. Westwater, Assistant Director, Brian C. Ward, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES

DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Momoh Bangura and Fatmata Bangura appeal the district court's memorandum opinion and order denying their motion for summary judgment and granting summary judgment to the Defendants. We affirm.

The Banguras commenced an action in district court challenging the United States Citizenship and Immigration Services' (USCIS) decision denying the I-130 petition for alien relative filed by Fatmata Bangura on Momoh Bangura's behalf. We review an order granting summary judgment de novo. *Roland v. USCIS*, 850 F.3d 625, 628 (4th Cir. 2017). We "apply the same legal standards as the district court" applied in reaching its decision. *Id.* Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"Under the [Administrative Procedures Act (APA)]'s deferential standard, the reviewing court shall 'hold unlawful and set aside agency action, findings, and conclusions' that are 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Perez v. Cissna*, 914 F.3d 846, 852 (4th Cir. 2019) (quoting 5 U.S.C. § 706(2)(A) (2012)). In making this determination, the reviewing court "must ensure that the agency has examined the relevant data and articulated a satisfactory explanation for its action." *Id.* (alterations and internal quotation marks omitted). The agency's factual findings must be supported by substantial evidence. *Ogbolumani v. Napolitano*, 557 F.3d 729, 733 (7th Cir. 2009) (noting that challenger to administrative decision must show that evidence was inadequate to support the decision). "Substantial evidence exists to support a finding unless the evidence was such that any reasonable

3

adjudicator would have been compelled to conclude to the contrary." *Djadjou v. Holder*, 662 F.3d 265, 273 (4th Cir. 2011) (alteration and internal quotation marks omitted). We cannot reweigh evidence, make credibility determinations, or substitute our judgment for the agency's. *Prof'l Massage Training Ctr., Inc., v. Accreditation All. of Career Schs. & Colls.*, 781 F.3d 161, 174-75 (4th Cir. 2015). "The ultimate standard of review is a narrow one." *Holly Hill Farm Corp. v. United States*, 447 F.3d 258, 263 (4th Cir. 2006) (alteration and internal quotation marks omitted). Our narrow task is to determine if "the agency conformed with controlling statutes, and whether the agency has committed a clear error of judgment." *Id*. (internal quotation marks omitted).

The Banguras challenge the agency's decision to consider evidence showing that Momoh Bangura had entered into a prior marriage in order to gain an immigration benefit, a finding that compelled the denial of the I-130 petition. 8 U.S.C. § 1154(c) (2012). Essentially, the Banguras want this court to reweigh the evidence, which we cannot do. *Id.* We conclude that the agency's decision is supported by substantial evidence. While the Banguras raise various challenges to the agency's decision to investigate a prior marriage, the Banguras do not cite any error of law.

Because the USCIS' decision was not arbitrary, capricious, or an error of law, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4