**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-2529**

ROBERT S. ROLAND; WAN HANG GLORIA CHAN,

Plaintiffs - Appellants,

v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; JOHN F. KELLY, Secretary, United States Department of Homeland Security; JEFFERSON B. SESSIONS III, Attorney General of the United States; LEON RODRIGUEZ, Director, United States Citizenship and Immigration Services; DENISE FRAZIER, District Director, United States Citizenship and Immigration Services Atlanta Region; LEANDER HOLSTON, Charlotte Field Office Director, United States Citizenship and Immigration Services; JAMES COMEY, Director, Federal Bureau of Investigation,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Max O. Cogburn, Jr., District Judge. (1:14-cv-00289-MOC-DLH)

Argued: January 24, 2017                    Decided: March 8, 2017

Before AGEE, KEENAN, and THACKER, Circuit Judges.

Affirmed by published opinion. Judge Thacker wrote the opinion, in which Judge Agee and Judge Keenan joined.

**ARGUED**: Andrew William Clopman, ANDREW W. CLOPMAN, P.A., Stuart, Florida, for Appellants. Katherine Elizabeth Mallo Goettel, UNITED STATES DEPARTMENT OF JUSTICE, Chicago, Illinois, for Appellees. **ON BRIEF**: Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Civil Division, William C. Peachey, Director, Elizabeth J. Stevens, Assistant Director, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees.

———————

THACKER, Circuit Judge:

Following the denial of his Form I-130 Petition for Alien Relative ("Form I-130 Petition" or "Petition"), which is used to petition for immediate relative status by American citizens on behalf of their alien spouses, Robert S. Roland and his wife Wan Hang Gloria Chan (collectively, "Appellants") brought this lawsuit in the District Court for the Western District of North Carolina against the United States Citizenship and Immigration Services ("USCIS") and related government officials (collectively, "Appellees"). As part of his Form I-130 Petition filed on behalf of his wife, Roland submitted documentation of his prior criminal convictions, which included sexual offenses against minors. Based on those convictions, the USCIS concluded that Roland posed a risk to his wife, the beneficiary of his Form I-130 Petition, and thus denied the Petition. Concluding that the USCIS acted within its unreviewable discretion, the district court granted summary judgment to the USCIS, determining it lacked subject matter jurisdiction per 8 U.S.C. § 1252(a)(2)(B)(ii).

On appeal, Appellants argue that because their claims involve legal and constitutional issues and they do not challenge the agency decision itself, the district court possessed jurisdiction. We disagree. The plain language of 8 U.S.C. § 1252(a)(2)(B)(ii) and our application of the same in Lee v. U.S. Citizenship & Immigration Servs., 592 F.3d 612 (4th Cir. 2010), compel us to affirm.

I.

Roland is a United States citizen residing in North Carolina, and his wife, Chan, is a citizen of the United Kingdom. Chan entered the United States in 2007 pursuant to the

3

Visa Waiver Program. The Visa Waiver Program permitted Appellant Chan to stay in the United States for 90 days subject to the relevant conditions under 8 U.S.C. § 1187(a)(1)–(12), which require that she be a national of a country that reciprocates immigration privileges to United States citizens and nationals; that she have a valid unexpired passport; and that she is not a safety threat to the United States, among other conditions. However, Appellant Chan stayed beyond the 90-day period. Appellants ultimately married in Florida on March 20, 2009.

In 1983, Roland was charged in Florida with one count of lewd and lascivious behavior, two counts of lewd and lascivious assault on a child under 16 years old, and one count of indecent exposure. He pled no contest to the indecent exposure count. He received a one year sentence of probation and was required to undergo out-patient counseling. Nearly a decade later, in 1994, Roland was again charged in Florida with two counts of lewd and lascivious assault on a child under 16 years old. He pled guilty to both counts and received a five year sentence of probation. He was also required to complete another counseling program and register as a sexual offender.

On January 11, 2011, Roland filed a Form I-130 Petition to obtain lawful permanent resident status for his wife. That Petition included Roland's criminal record, proof of his sex-offender counseling, and affidavits by individuals vouching for his character. Chan simultaneously filed a Form I-485 Application to Register Permanent Residence or Adjust Status ("Form I-485 Application"). Nine months later, the USCIS sent Roland a Request for Evidence and Notice of Intent to Deny the Form I-130 Petition. The USCIS noted that Roland was convicted of offenses which render him ineligible to

4

petition on behalf of his wife because the Adam Walsh Child Protection and Safety Act ("AWA") prohibits United States citizens convicted of a "specified offense against a minor" from filing a Form I-130 Petition on behalf of a beneficiary. The sole exception to that prohibition is if the Secretary of the Department of Homeland Security ("Secretary") determines that the petitioning citizen poses "no risk" to the safety and well-being of the beneficiary.[1] The USCIS determined that Roland likely posed a risk to his wife, but nonetheless requested more information, including certified copies of Roland's police and court records, trial transcripts, and the terms and conditions of his sentences. Appellants timely responded with a copy of Roland's Notice of Termination of Supervised Release dated March 16, 2001, letters from Roland's mental health counselors, certificates regarding Chan's law enforcement career in Hong Kong, and affidavits by individuals attesting to Roland's good character.

Nonetheless, on January 13, 2014, the USCIS denied the Form I-130 Petition. It found that Roland failed to demonstrate beyond a reasonable doubt that he posed no risk to his wife's safety and well-being. The USCIS determined that Roland's convictions constituted specified offenses against a minor and that he failed to rebut that determination. The USCIS also denied Chan's Form I-485 Application based on the denial of the Form I-130 Petition.

---

[1] The Secretary may delegate this discretionary authority to the appropriate agency, here the USCIS. See 8 C.F.R. § 2.1.

5

Appellants then filed this action in the District Court for the Western District of North Carolina. Appellants assert three counts, invoking the Administrative Procedure Act ("APA") and raising claims, which, they assert, concern legal and constitutional issues. In particular, they allege that (1) the denial of the Form I-130 Petition and Form I-485 Application was erroneous as a matter of law, arbitrary and capricious, and constituted an abuse of discretion; and (2) the denial of the Form I-130 Petition was unconstitutional because it violated Appellants' due process rights and their right to marry and pursue happiness. Appellants seek a declaratory judgment, an adjustment of Chan's status to that of a lawful permanent resident, and reasonable attorney's fees and costs.

The parties filed cross motions for summary judgment. After hearing oral argument on the motions, the district court granted summary judgment to Appellees and dismissed the case with prejudice because the court concluded it lacked subject matter jurisdiction.[2] The district court first acknowledged that the USCIS possesses "sole and unreviewable discretion" to determine whether a petitioning citizen poses a risk or not. Chan v. U.S. Citizenship & Immigration Servs., 141 F. Supp. 3d 461, 466 (W.D.N.C. 2015) (quoting 8 U.S.C. § 1154(a)(1)(A)(viii)(I)). The district court then turned to 8 U.S.C. § 1252(a)(2)(B)(ii), and determined that this statutory provision eliminates judicial review of discretionary decisions made by the USCIS. Because the no-risk

_____

[2] Appellees alternatively argued for summary judgment on the merits, but the district court did not reach the merits.

6

determination was made pursuant to the USCIS's "sole and unreviewable discretion," the district court concluded the statute squarely forecloses jurisdiction to review. Therefore, the district court granted Appellees' motion in part. Appellants timely appealed.

## II.

We review de novo a district court's grant of summary judgment. See Elderberry of Weber City, LLC v. Living-Centers Se., Inc., 794 F.3d 406, 411 (4th Cir. 2015). "In doing so, we apply the same legal standards as the district court, and view all facts in the light most favorable to the nonmoving party." Certain Underwriters at Lloyd's, London v. Cohen, 785 F.3d 886, 889 (4th Cir. 2015) (alterations and internal quotation marks omitted).

## III.

Appellants argue the district court had jurisdiction to review the USCIS's decision. In support of this position, they contend that they do not seek review of the agency determination itself, but rather of the legal and constitutional issues, which fall outside the jurisdictional bar. Appellants further assert that, pursuant to the APA, they are challenging the standard of proof and the administrative process in adopting the rules which the USCIS used, and that they prevail on the merits. Appellees, on the other hand, contend that the APA does not confer jurisdiction, and posit that Appellants' claims are a thinly veiled attempt to challenge the USCIS's unreviewable no-risk determination.

## A.

The Immigration and Nationality Act ("INA") allows citizens via Form I-130 to petition for immediate relative status on behalf of their alien spouses so that the alien

7

spouses may immigrate to the United States. See 8 U.S.C. § 1154(a)(1)(A)(i). The term "immediate relatives" includes the "children, spouses, and parents of a citizen of the United States." § 1151(b)(2)(A)(i). Petitioners bear the burden of proving eligibility. See § 1361. In 2006, Congress passed the AWA, which precludes citizens from petitioning for immediate relative status if they were convicted of a "specified offense against a minor." § 1154(a)(1)(A)(viii)(I). An offense against a minor is broadly defined, and includes "[a]ny conduct that by its nature is a sex offense against a minor." 42 U.S.C. § 16911(7). The only exception to that prohibition is if the USCIS, in its "sole and unreviewable discretion," determines that the petitioning citizen proves beyond a reasonable doubt that he or she poses "no risk" to the alien spouse's safety and well-being. 8 U.S.C. § 1154(a)(1)(A)(viii)(I) (emphasis supplied); see U.S. Dep't of Homeland Sec., No. HQDOMO 70/1-P, Guidance for Adjudication of Family Based Petitions (Feb. 8, 2007).

The statute upon which jurisdiction hinges in this case is 8 U.S.C. § 1252. Section 1252(a)(2)(B)(ii) states, "no court shall have jurisdiction to review" certain discretionary actions or decisions by the Secretary. As delegated to it by the Secretary, the USCIS has "sole and unreviewable discretion" to determine whether a petitioner poses no risk, meaning courts lack jurisdiction to review that discretionary decision. § 1154(a)(1)(A)(viii)(I). Section 1252(a)(2)(D) does permit judicial review of constitutional claims or legal questions, but only when "raised upon a petition for review

8

filed with an appropriate court of appeals" during removal proceedings. Lee, 592 F.3d at 620 (4th Cir. 2010) (quoting 8 U.S.C. § 1252(a)(2)(D)).[3]

B.

Absent ambiguity, "our analysis begins and ends with the statute's plain language." Ignacio v. United States, 674 F.3d 252, 257 (4th Cir. 2012). A plain reading of the statute at issue here and our precedent forecloses judicial review in this case. It is clear that the USCIS has "sole and unreviewable discretion" to determine whether a petitioner poses no risk. 8 U.S.C. § 1154(a)(1)(A)(viii)(I). Section 1154 thus specifically deems the no-risk determination as discretionary. Pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii), "no court shall have jurisdiction to review" certain discretionary decisions made by the USCIS, which here includes the no-risk determination. Therefore, the district court lacked jurisdiction to review that determination.

Our precedent bolsters this conclusion. See Lee v. U.S. Citizenship & Immigration Servs., 592 F.3d 612 (4th Cir. 2010). Though Lee concerned an alien petitioning for adjusted status based on employment, see 8 U.S.C. § 1255, this court grappled with the same issue we face in this case: the jurisdictional limiting effect of 8

---

[3] It is worth noting that the APA generally permits judicial review of agency action when a person suffers a "legal wrong because of agency action," 5 U.S.C. § 702, and may set aside an agency's actions or decisions if they are "arbitrary, capricious, an abuse of discretion" or "contrary to constitutional right." § 706(2)(A)–(B). However, the APA carved out an exception to its application where "statutes preclude judicial review" or the "agency action is committed to agency discretion by law." § 701(a)(1)–(2). The APA itself does not confer jurisdiction; instead, the federal question statute, 28 U.S.C. § 1331, is the jurisdictional source for an APA action. See Lee, 592 F.3d at 619.

U.S.C. § 1252(a)(2)(B) on certain discretionary agency decisions. See id. at 619. The appellant in Lee asserted claims under the APA related to the USCIS's denial of his application for adjustment of status. In particular, he argued that the USCIS acted ultra vires by promulgating regulations related to the beneficiary determination under Section 1255(i). See id. at 618. The district court granted the USCIS's motion to dismiss for lack of jurisdiction, and on appeal, as here, the appellant argued that the district court had subject matter jurisdiction under the APA. See id.

We affirmed, concluding that Section 1252(a)(2)(B)(i) "closes the door to judicial review of certain discretionary agency decisions, including the denial of an application for adjustment of status." Lee, 592 F.3d at 619. Moreover, we rejected the appellant's argument that he merely challenged the eligibility determination rather than the denial as a whole, because such relevant determinations "cannot be divorced from the denial itself." Id. at 620. And finally, we found instructive that Congress included Section 1252(a)(2)(D) because Congress explicitly allowed courts of appeals to retain a narrow window for jurisdiction to review under that section, despite otherwise stripping jurisdiction under Section 1252(a)(2)(B). See id. at 620. In fact, we stated that Section 1252(a)(2)(D) provides "a limitation on the broad jurisdiction stripping provisions" under Section 1252(a)(2)(B), id. at 620 (internal quotation marks omitted), and more importantly, serves as the "exclusive means of judicial review of a legal issue related to the denial of an adjustment of status," id. at 621 (emphasis supplied).

Our sister circuits are in accord. See, e.g., Jilin Pharm. USA, Inc. v. Chertoff, 447 F.3d 196, 206 (3d Cir. 2006) (noting 8 U.S.C. § 1252(a)(2)(B) precluded review of

10

constitutional questions involving revocation of visa petitions under 8 U.S.C. § 1155); El-Khader v. Monica, 366 F.3d 562, 567–68 (7th Cir. 2004) (acknowledging 8 U.S.C. § 1252(a)(2)(B)(ii) precludes judicial review over decision to revoke previously approved visa petition under 8 U.S.C. § 1154(c)).  Moreover, to "the extent Congress decided to permit judicial review of a constitutional or legal issue bearing upon the denial of an adjustment of status, it intended for it to be raised to the court of appeals during removal proceedings."  Lee, 592 F.3d at 620 (emphasis omitted).  Here, there are no removal proceedings.  Therefore, Section 1252(a)(2)(D) does not apply.

IV.

For the reasons set forth above, the judgment of the district court is

AFFIRMED.