**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2310**

ROBERT JOHN POLFLIET; MASATO KIMIKI,

Plaintiffs - Appellants,

v.

KENNETH T. CUCCINELLI, Senior Official Performing the Duties of the Director,
U.S. Citizenship and Immigration Services; WILLIAM P. BARR, Attorney General
of the United States,

Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at
Orangeburg. J. Michelle Childs, District Judge. (5:16-cv-03358-JMC)

Argued: January 31, 2020                           Decided: April 7, 2020

Before NIEMEYER, WYNN, and FLOYD, Circuit Judges.

Affirmed by published opinion. Judge Wynn wrote the opinion, in which Judge Niemeyer
and Judge Floyd joined.

**ARGUED:** Bradley Bruce Banias, WASDEN BANIAS LLC, Mount Pleasant, South
Carolina, for Appellant. Theo Nickerson, UNITED STATES DEPARTMENT OF
JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** Joseph H. Hunt, Assistant
Attorney General, William C. Peachey, Director, William C. Silvis, Assistant Director,
Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF
JUSTICE, Washington, D.C., for Appellee.

WYNN, Circuit Judge:

Section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(a)(2)(B)(ii), deprives courts of jurisdiction to review decisions committed to agency discretion. Section 205 of the INA, 8 U.S.C. § 1155, specifies that the "Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him." This appeal presents the question of whether that language in § 1155 confers sufficient discretion to preclude judicial review of a visa petition revocation under § 1252(a)(2)(B)(ii)'s jurisdictional bar.

Specifically, Plaintiffs-Appellants Robert Polfliet and his stepson, Masato Kimiki, appeal the district court's dismissal of their complaint alleging that the United States Citizenship and Immigration Services ("USCIS")[1] unlawfully revoked their I-130 family visa petition. The district court dismissed the complaint, concluding that § 1155 is discretionary and it therefore lacked jurisdiction to review the agency's revocation due to § 1252(a)(2)(B)(ii). We hold that § 1155 is discretionary. Accordingly, we affirm.

I.

Polfliet is a United States citizen. His stepson, Kimiki, is a Japanese national and citizen. Polfliet met Kimiki's mother while stationed in Japan with the United States Air Force. In 2000, Polfliet was convicted by a general court-martial of Possession of Child

---

[1] The named Appellees in this case are Kenneth T. Cuccinelli, in his official capacity as Senior Official Performing the Duties of the Director, U.S. Citizenship and Immigration Services, and William P. Barr, in his official capacity as Attorney General of the United States. Because Appellants' complaint relates to an action of USCIS, we refer to Appellees collectively as "USCIS."

Pornography, 18 U.S.C. § 2252A, in violation of the Uniform Code of Military Justice. With knowledge of the conviction, Kimiki's mother married Polfliet.

Generally, a United States citizen who wants to live with an alien relative in the United States may file an I-130 visa petition on that relative's behalf. *See* 8 U.S.C. § 1154. Approval of such a petition is important because it allows the relative to apply for lawful permanent resident status. *See* 8 U.S.C. § 1255. However, in 2006, Congress amended the INA—through the Adam Walsh Child Protection and Safety Act—to bar persons convicted of any "specified offense against a minor" from filing family visa petitions on behalf of any beneficiary unless the Secretary of the Department of Homeland Security (the "Secretary") determines "in the Secretary's sole and unreviewable discretion" that the petitioner poses "no risk" to the beneficiary. 8 U.S.C. § 1154(a)(1)(A)(viii). [2]

Sometime after 2006, Polfliet filed a family visa petition on behalf of his wife. Although the Adam Walsh Act was in effect when Polfliet filed the petition, USCIS granted the petition without raising any issue about Polfliet's child pornography conviction. Polfliet's wife has since become a United States citizen.

In 2008, Kimiki moved to the United States to live with his mother and Polfliet. Four years later, in January 2012, Polfliet filed another family visa petition, this time on behalf of Kimiki. USCIS approved this petition in June 2012, again without raising any issue regarding Polfliet's conviction. Then, in November 2013, USCIS issued a notice of

---

[2] USCIS is within the Department of Homeland Security, and the Secretary has delegated the discretionary authority to make Adam Walsh Act risk determinations to USCIS. *Roland v. USCIS*, 850 F.3d 625, 627 n.1 (4th Cir. 2017).

3

intent to revoke the visa petition based on the Adam Walsh Act and Polfliet's conviction. The notice indicated, and USCIS represented at oral argument, that USCIS was not aware of the conviction when it approved the petition in 2012, and that it discovered the conviction while reviewing Kimiki's eligibility for permanent residency.

In response to the notice, Polfliet submitted evidence to support that he was no risk to Kimiki. USCIS determined the evidence did not so demonstrate. As Polfliet was therefore ineligible to file a visa petition for Kimiki, USCIS exercised its § 1155 authority to revoke the previously approved petition. Polfliet appealed to the Board of Immigration Appeals ("BIA"), arguing that he posed no risk to Kimiki. The BIA dismissed Polfliet's appeal for lack of jurisdiction.

Polfliet and Kimiki then filed a complaint in a federal district court in South Carolina. They brought statutory claims, an improper retroactivity claim, and due process claims. Their statutory claims were that the revocation violated the Administrative Procedure Act. Their improper retroactivity claim challenged the application of the Adam Walsh Act to Polfliet. Their due process claims asserted that Polfliet and Kimiki both had a constitutional property interest in the approved family visa petition, and USCIS deprived them of that interest without procedural due process. At bottom, they sought reinstatement of the visa petition because Kimiki has no lawful presence in the country without it. [3]

USCIS moved to dismiss the complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). USCIS argued that a § 1155 visa revocation is

---

[3] Polfliet and Kimiki also made a claim for attorneys' fees that is not relevant to this appeal.

4

committed to agency discretion and therefore unreviewable due to § 1252(a)(2)(B)(ii). Because this Circuit lacked any published authority on point, the district court collected cases from other circuits holding that a visa petition revocation under § 1155 is discretionary and unreviewable. The district court also considered our decision in *Roland v. USCIS*, where we held that denial of a family visa petition on Adam Walsh Act grounds (rather than revocation of an approved petition) is discretionary and unreviewable under § 1252(a)(2)(B)(ii). 850 F.3d 625, 626-27 (4th Cir. 2017). Accordingly, the district court held that it lacked jurisdiction, granted USCIS's motion, and dismissed the complaint. Polfliet and Kimiki moved for reconsideration, which the district court denied. Polfliet and Kimiki timely appealed.

## II.

When a district court dismisses a complaint for lack of subject matter jurisdiction, this Court reviews its factual findings for clear error and its legal conclusions de novo. *Moore v. Frazier*, 941 F.3d 717, 721 (4th Cir. 2019).

## III.

Appellants make two arguments. First, they argue that the language of § 1155 does not unambiguously indicate discretion and therefore § 1252(a)(2)(B)(ii) does not apply. Second, they argue that, even if § 1252(a)(2)(B)(ii) does apply, it does not preclude constitutional challenges.

## A.

Appellants' first argument presents a question of statutory interpretation: does § 1155 commit a visa revocation decision to agency discretion? Our analysis in this case

5

begins and ends with the plain language of the statute. *Ignacio v. United States*, 674 F.3d 252, 254 (4th Cir. 2012). "If the meaning of the text is plain—in other words, if it bears only one reasonable interpretation—that meaning controls." *Raplee v. United States*, 842 F.3d 328, 332 (4th Cir. 2016).

Here, there are two statutes at issue: § 1252(a)(2)(B)(ii) and § 1155. First, § 1252(a)(2)(B) and (ii) provides:

> Notwithstanding any other provision of law (statutory or nonstatutory) . . . and except as provided in subparagraph (D) . . . no court shall have jurisdiction to review — . . . any other decision or action . . . the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B) and (ii).[4]

> Then, § 1155 provides:

> The Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this title. Such revocation shall be effective as of the date of approval of any such petition.

8 U.S.C. § 1155.

On its face, § 1252(a)(2)(B)(ii) bars judicial review of decisions "specified" to be in the "discretion" of the Secretary. Appellants lean on the word "specified," contending that it requires a statute to use the word "discretion" for the statute to fall within § 1252(a)(2)(B)(ii)'s ambit. Appellants draw this argument from the Supreme Court's

---

[4] Section 1252(a)(2)(D) excludes from § 1252(a)(2)(B)(ii)'s jurisdictional bar "constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals." Section 1158(a) pertains to asylum applications.

decision in *Kucana v. Holder*, where the Court addressed whether § 1252(a)(2)(B)(ii) bars review of decisions made discretionary by *regulation* rather than by *statute*. 558 U.S. 233, 237 (2010). Specifically, Appellants rely on a footnote in which the Court stated, "[t]he statutory proscription Congress enacted, § 1252(a)(2)(B)(ii), speaks of authority 'specified'—not merely assumed or contemplated—to be in the Attorney General's [or the Secretary of Homeland Security's] discretion." *Id.* at 243 n.10. The Court then quoted a dictionary definition of "specify" in an explanatory parenthetical: "'specify' means 'to name or state explicitly or in detail.'" *Id.* (quoting Webster's New Collegiate Dictionary 1116 (1974)).

Thus, according to Appellants, *Kucana* held a statute must actually use the word "discretion" in order to "specify" discretion. Appellants then reason that § 1155's failure to do so renders the Secretary's petition revocation decisions nondiscretionary and thus exempt from § 1252(a)(2)(B)(ii)'s jurisdictional bar. Appellants further argue that, at minimum, § 1155's failure to recite the word "discretion" makes it ambiguous, and so we should apply a presumption favoring judicial review of administrative action. *See Kucana*, 558 U.S. at 251-52 ("When a statute is 'reasonably susceptible to divergent interpretation, we adopt the reading that accords with traditional understandings and basic principles: that executive determinations generally are subject to judicial review.'" (quoting *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434 (1995))).

We reject Appellants' arguments. A statute need not literally contain the word "discretion" in order to "specify" discretion, and we do not read *Kucana* to impose such a

requirement. Nor is the statutory language so ambiguous. It plainly confers discretion upon the Secretary to revoke visa petitions.

*Kucana* is not factually or procedurally on point. *Kucana* addressed a motion to reopen removal proceedings, an agency regulation making the decision to grant or deny such a motion discretionary, the jurisdictional bar of § 1252(a)(2)(B)(ii), and, finally, the portion of the INA governing such a reopening, 8 U.S.C. § 1229a(c)(7)(B). *See Kucana*, 558 U.S. at 236-39. That last statute, § 1229a(c)(7)(B), states that a motion to reopen should state the new facts that would be proven at a hearing to be held "if the motion is granted." To defend the agency's ability to confer discretion on itself via a regulation, a Court-appointed *amicus curiae* argued that "if the motion is granted" showed that Congress "anticipated" discretion. *Kucana*, 558 U.S. at 243 n.10. The Court disagreed, noting in the footnote upon which Appellants here rely that the conditional language ("if the motion is granted") could not satisfy § 1252(a)(2)(B)(ii)'s requirement that discretion be "specified." *Id.*

Here, by contrast, § 1155 says that the Secretary "may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition." This language layers three discretionary terms: "may," "at any time," and "for what he deems to be." Applying three terms indicating discretion, one after another, does not merely assume, contemplate, or anticipate discretion—it unambiguously specifies discretion in detail.[5] It

---

[5] Appellants' argument that § 1155's language is ambiguous thus fails.

8

is not comparable to the "if the motion is granted" language at issue in *Kucana*.[6] In the words of the Seventh Circuit, also considering whether § 1252(a)(2)(B)(ii) applies to § 1155, "the discretionary nature of the decision is apparent from the plain language of the statute. . . . we cannot help but repeat the actual words employed by the statute." *El-Khader v. Monica*, 366 F.3d 562, 567 (7th Cir. 2004).

Indeed, almost every other circuit has held that § 1155's plain language confers discretion. *See Bernardo ex rel. M & K Eng'g, Inc. v. Johnson*, 814 F.3d 481, 484 (1st Cir. 2016); *Mehanna v. USCIS*, 677 F.3d 312, 313 (6th Cir. 2012); *Green v. Napolitano*, 627 F.3d 1341, 1343 (10th Cir. 2010); *Abdelwahab v. Frazier*, 578 F.3d 817, 821 (8th Cir. 2009); *Sands v. U.S. Dep't of Homeland Sec.*, 308 F. App'x 418, 419-20 (11th Cir. 2009); *Ghanem v. Upchurch*, 481 F.3d 222, 223 (5th Cir. 2007); *Jilin Pharm. USA, Inc. v. Chertoff*, 447 F.3d 196, 200-05 (3d Cir. 2006); *El–Khader*, 366 F.3d at 567-68 (7th Cir. 2004); *see also Firstland Int'l, Inc. v. INS*, 377 F.3d 127, 130-31 (2d Cir. 2004) (addressing the language of § 1155 in dicta).

Only the Ninth Circuit, in a split-panel decision, has found a § 1155 revocation reviewable. *ANA Int'l, Inc. v. Way*, 393 F.3d 886 (9th Cir. 2004). In the Ninth Circuit's

---

[6] Faced with the same literalist argument—that § 1155 lacks the exact word "discretion"—the First Circuit noted that another footnote in *Kucana* itself undermines this proposition. *Bernardo ex rel. M & K Eng'g, Inc. v. Johnson*, 814 F.3d 481, 486-87 (1st Cir. 2016) (citing *Kucana*, 558 U.S. at 247 n.13). Specifically, *Kucana* noted that 8 U.S.C. § 1158(a), the only provision of the INA that Congress explicitly excepted from § 1252(a)(2)(B)(ii), states that the attorney general "may" grant asylum. *Kucana*, 558 U.S. at 247 n.13. *Kucana* then stated that the word "may" shows discretion, and that asylum decisions under § 1158(a) might be subject to § 1252(a)(2)(B)(ii)'s jurisdictional bar absent an explicit carve-out. *Id.* Here, by contrast, § 1155 contains the word "may" but lacks any statutorily specified exception.

view, "[t]o put a purely subjective construction on the statute is to render the words 'good and sufficient cause' meaningless." *Id.* at 893 (quoting § 1155). Appellants urge us to adopt this approach and take "good and sufficient cause" as a standard by which a court can and should review a revocation.

Appellants would have us read "good and sufficient cause" in a vacuum. The problem with that approach is that we would ignore the immediately preceding discretionary term: "deems." Comparing "for good and sufficient cause" (Appellants' proposed language) to "for what [the Secretary] deems to be good and sufficient cause" (the statute's actual text) shows the problem. "Deems" places the "good and sufficient cause" within the Secretary's discretion. *See Ghanem*, 481 F.3d at 224 ("[T]he good and sufficient cause is what the Secretary deems it to be."); *cf. Webster v. Doe*, 486 U.S. 592, 600 (1988) (where the statute read "whenever the Director 'shall deem such termination necessary or advisable'" rather than "when the dismissal is necessary or advisable," the standard "fairly exudes deference" and "appears to . . . foreclose the application of any meaningful judicial standard of review").

We thus hold that § 1155's plain language confers discretion upon the Secretary to revoke visa petitions.[7] Accordingly, judicial review of Kimiki's revocation decision is

---

[7] Appellants also cite a case from this Circuit, *Oddo v. Reno*, where this Court reviewed a revocation of a visa petition. 175 F.3d 1015 (4th Cir. 1999) (per curiam) (unpublished table decision). In *Oddo*, which concerned a visa petition revocation on the ground that the petitioner based her application on a sham marriage, this Court looked to initial petition approval standards to determine if "good and sufficient cause" existed for revocation. *Id.* At oral argument in the instant case, Appellants contended that we would have to reverse the *Oddo* panel to hold there is no jurisdiction to review a revocation.

barred by § 1252(a)(2)(B)(ii), and the district court did not err in dismissing Appellants' challenges to that decision for lack of jurisdiction.

B.

Appellants also argue that, even if § 1155 is discretionary, at minimum courts have jurisdiction to review constitutional challenges to a visa revocation. Appellants cite the Supreme Court's decision in *Webster v. Doe* for the proposition that "where Congress intends to preclude judicial review of constitutional claims[,] its intent to do so must be clear." 486 U.S. at 603. *Webster* required this "heightened showing in part to avoid the 'serious constitutional question' that would arise if a federal statute were construed to deny *any* judicial forum for a colorable constitutional claim." *Id.* (quoting *Bowen v. Mich. Acad. of Family Physicians*, 476 U.S. 667, 681 n.12 (1986)) (emphasis added). Appellants argue that § 1252(a)(2)(B)(ii) fails this "heightened showing."

At the same time though, Appellants concede that *Webster* does not impose a heightened showing requirement if Congress channels judicial review rather than precluding it entirely. *See Elgin v. Dep't of the Treasury*, 567 U.S. 1, 9 (2012). Here, Congress channeled judicial review.

We addressed the effect of § 1252(a)(2)(B)(ii) on constitutional claims in *Lee v. USCIS*, in which the plaintiff challenged an adjustment of status regulation, ostensibly on purely legal grounds. 592 F.3d 612, 613 (4th Cir. 2010). The plaintiff noted that in the statutory scheme of the INA, § 1252(a)(2)(B) applies "except as provided in subparagraph

---

However, Appellants' reliance on *Oddo* is misplaced, as that case was unpublished, concerned a previous version of the INA, and did not address § 1252(a)(2)(B)(ii).

11

(D)." Then, § 1252(a)(2)(D) states, "[n]othing in subparagraph (B) . . . shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." The *Lee* plaintiff argued that these provisions required us to review his legal challenges to the regulation. 592 F.3d at 620.

We disagreed, holding that, "[t]o the extent Congress decided to permit judicial review of a constitutional or legal issue bearing upon the denial of adjustment of status, it intended for the issue to be raised to the court of appeals *during removal proceedings*." *Id.* (emphasis in original). While the present case did not arise directly from a denial of adjustment of status, the underlying issue—the effect of § 1252(a)(2)(D)—is the same. *See Roland*, 850 F.3d at 630 (applying *Lee* where a plaintiff brought a constitutional challenge to an Adam Walsh Act risk determination). Because no removal proceeding is pending against Kimiki, the § 1252(a)(2)(D) exception is inapplicable.

Appellants further argue that they cannot raise their constitutional challenges during removal proceedings because the visa petition revocation would be collateral to those proceedings and therefore not within the scope of a petition for review. Moreover, as Appellants note, there are no removal proceedings from which to petition—although USCIS revoked the petition years ago, it has never taken steps to remove Kimiki. Thus, Appellants contend if their constitutional claims are not heard now, they will never be heard. However, the plaintiff in *Lee* likewise had not been placed in removal proceedings. 592 F.3d at 614. And, while Appellants may doubt whether they may bring these claims in a removal proceeding, that is what the statutory framework and binding precedent require.

12

USCIS has argued in its briefing below, in its briefing here, and at oral argument that, if Kimiki is placed in removal proceedings, he may raise his claims at that time. We agree.

IV.

For the foregoing reasons, we hold that 8 U.S.C. § 1155 commits visa petition revocation decisions to the Secretary's discretion. Therefore, 8 U.S.C. § 1252(a)(2)(B)(ii) strips courts of jurisdiction to review such decisions. Accordingly, we affirm the district court. However, we emphasize that the dismissal of Appellants' claims in this proceeding for lack of jurisdiction does not preclude this Court, or any other court of appeals, from reviewing them under 8 U.S.C. § 1252(a)(2)(D) upon a petition from a removal proceeding.

*AFFIRMED*