**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 20-2303**

───────────────

EDDAH MWITA GACHUMA,

　　　　　　　Petitioner,

　　　v.

MERRICK B. GARLAND, Attorney General,

　　　　　　　Respondent.

───────────────

On Petition for Review of an Order of the Board of Immigration Appeals.

───────────────

Argued: October 24, 2023　　　　　　　　　　　　　Decided: November 30, 2023

───────────────

Before NIEMEYER, GREGORY, and HARRIS, Circuit Judges.

───────────────

Petition for review denied by unpublished opinion. Judge Harris wrote the opinion, in which Judges Niemeyer and Gregory joined.

───────────────

**ARGUED:** Henry Caleb Griffin, GRIFFIN AND GRIFFIN, LLP, Glen Burnie, Maryland, for Petitioner. Dana Michelle Camilleri, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. **ON BRIEF:** Brian Boynton, Acting Assistant Attorney General, Anthony P. Nicastro, Assistant Director, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PAMELA HARRIS, Circuit Judge:

In 2020, petitioner Eddah Gachuma, a native and citizen of Tanzania, sought to reopen her removal proceedings based on the ineffective assistance of her prior counsel. The Board of Immigration Appeals denied the motion to reopen, finding that Gachuma had failed to show prejudice arising from any alleged deficiencies in her counsel's performance. Rather than petition for review of that order, Gachuma moved the Board to reconsider its ruling.

In the order now before us, the Board denied reconsideration, concluding that Gachuma had not identified errors warranting reversal of its earlier decision. Finding no abuse of discretion in that determination, we deny Gachuma's petition for review.

## I.

Eddah Gachuma was placed in removal proceedings in 2011 for having overstayed her B-2 visitor visa. She conceded removability but sought cancellation of removal, arguing that her return to Tanzania would cause exceptional harm to her citizen daughter, then 18 months old and suffering from a medical condition. *See* 8 U.S.C. § 1229b(b)(1)(D). In 2013, the Immigration Judge ("IJ") denied relief in a written opinion. Gachuma had not shown, the IJ found, that her removal would cause her daughter harm rising to the level of "exceptional and extremely unusual." *See id.* Moreover, the IJ continued, Gachuma had not availed herself of alternative means of adjusting her status, counseling against the extraordinary relief she was seeking. Specifically, the IJ noted that

2

Gachuma's husband had not filed an I-130 petition[1] on her behalf – a failure that Gachuma attributed first to a lack of funds and then, in a subsequent and unsuccessful motion to reopen, to her impending divorce from her husband.[2]

In 2020, Gachuma, represented by new counsel, moved the Board of Immigration Appeals ("Board" or "BIA") to reopen her removal proceedings due to ineffective assistance of counsel. According to Gachuma, her former lawyer had neglected to make timely filings and had told one of Gachuma's older daughters that she did not take Gachuma's case seriously. This counsel, Gachuma alleged, also lacked diligence in helping Gachuma pursue other forms of relief from removal, including asylum, a U-visa, and the I-130 petition discussed by the IJ.

The Board denied reopening, finding that Gachuma had failed to show the requisite prejudice resulting from any alleged deficiency in representation.[3] *See Matter of Lozada*, 19 I. & N. Dec. 637, 638 (BIA 1988) (recognizing ineffective assistance of counsel claim

---

[1] A citizen who wishes to live with a noncitizen relative in the United States "may file an I-130 visa petition on that relative's behalf." *Polfliet v. Cuccinelli*, 955 F.3d 377, 379 (4th Cir. 2020) (citing 8 U.S.C. § 1154). An approved petition "allows the relative to apply for lawful permanent resident status." *Id.* (citing 8 U.S.C. § 1255).

[2] Gachuma moved to reopen on grounds that lack relevance to the instant petition for review. The IJ denied reopening and the Board of Immigration Appeals affirmed the denial. These decisions are not at issue on appeal.

[3] As the BIA observed, Gachuma's motion to reopen was also untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The Board assumed without deciding that equitable tolling was appropriate, as Gachuma argued, and decided the motion on the merits. Accordingly, questions of timeliness and equitable tolling are not before us on review.

3

where counsel's performance is so deficient as to render proceedings "fundamentally unfair" and the claimant is prejudiced by that performance).

First, the BIA explained, any failure or delay in pursuing an I-130 visa petition could not be attributed to counsel's performance; Gachuma had not pursued adjustment through her husband due to the expense and because the two were separated and had "eventually obtained a divorce." A.R. 109. (The BIA was wrong on the last point, as we explain below; Gachuma and her husband never divorced.) As for counsel's alleged failure to pursue asylum or a U-visa, the Board continued, Gachuma had not shown her prima facie eligibility for either form of relief, as required to establish prejudice. A.R. 109; *see Figeroa v. INS*, 886 F.2d 76, 79 (4th Cir. 1989). With respect to asylum, though Gachuma faulted her counsel for not presenting a claim based on the prevalence of female genital mutilation ("FGM") in Tanzania, she had "offer[ed] no facts or argument to show that she would actually have had a viable claim for relief on that basis[.]" A.R. 109. The only FGM-related fear Gachuma had expressed was fear that her *daughter* might be subject to FGM if she returned with her mother to Tanzania, and as the BIA explained, that kind of derivative claim was barred by precedent. A.R. 110 n.5 (citing *Niang v. Gonzales*, 492 F.3d 505, 513 (4th Cir. 2007) (addressing withholding), and *Matter of A-K-*, 24 I. & N. Dec. 275 (BIA 2007) (addressing asylum and withholding)). As for the U-visa, available to victims of serious crimes who meet certain conditions, the BIA noted that Gachuma's application, predicated on an assault at the hands of four teenagers, failed to indicate that she met two of the requirements: that she suffered physical or mental abuse and that she assisted law enforcement in connection with the crime. A.R. 109 & n.4.

4

Gachuma did not petition this court for review of the Board order denying reopening. Instead, she moved the Board for reconsideration. In the decision now before us on review, the Board denied that motion, holding that Gachuma had not identified errors warranting reconsideration and reversal. A.R. 2 (explaining that a motion to reconsider must be "predicated on a legal or factual defect in the most recent decision"); *see* 8 C.F.R. §§ 1003.2(a), 1003.2(b)(1), 1003.2(c)(1). Gachuma relied primarily on a purported factual error in the Board's prior ruling: Contrary to the assumption of the BIA, she and her husband had *not* "eventually obtained a divorce[,]" *cf.* A.R. 109; instead, she alleged, the divorce proceedings she had described in her earlier filings before the IJ were later terminated. But any such mistake, the Board explained, would be immaterial to its prejudice analysis. Either way, given Gachuma's contemporaneous representations that she and her husband lacked the funds for an I-130 visa and were in divorce proceedings, former counsel could not be faulted for any lack of vigor in pursuing that form of relief.

The BIA also found no error in its prior evaluation of Gachuma's prima facie eligibility for asylum or a U-visa. As to asylum, the Board explained, Gachuma claimed neither that she had undergone the FGM procedure in the past nor that she feared being subjected to it in the future. Instead, her only "expressed fear of future harm" was "with respect [to] her daughter's possible subjection to FGM" – the derivative claim the Board already had described as unavailing. A.R. 3. Likewise, the Board affirmed its prior finding that Gachuma had not made the requisite showing of eligibility on the U-visa application she attached to her motion to reopen. A.R. 3.

5

Gachuma timely petitioned this court for review of the Board order denying her motion for reconsideration.

## II.

A BIA denial of a motion to reconsider is reviewed for abuse of discretion. *Narine v. Holder*, 559 F.3d 246, 249 (4th Cir. 2009). We reiterate that Gachuma did not seek review of the underlying BIA denial of her motion to reopen on ineffective assistance grounds. Our review is thus "limited to whether the BIA abused its considerable discretion" in denying Gachuma's motion to reconsider its denial of reopening – which is itself a discretionary decision. *Jean v. Gonzales*, 435 F.3d 475, 483 (4th Cir. 2006); 8 C.F.R. § 1003.2(a).

In a motion to reconsider, the petitioner must specify "the errors of fact or law" in the challenged Board decision – here, the denial of reopening – that warrant reversal. *See* 8 C.F.R. § 1003.2(b)(1). We conclude that the Board was well within its discretion in finding that Gachuma's motion to reconsider failed to identify any error in the Board's ruling on reopening that could have affected its dispositive prejudice analysis.

On appeal as before the BIA on reconsideration, Gachuma's primary claim is that the Board erred in its reopening decision when it held that any delay in the filing of an I-130 petition on her behalf could not be attributed to Gachuma's prior counsel.[4] And again,

---

[4] After briefs were filed in this case, an I-130 visa petition was filed on Gachuma's behalf by one of her daughters. At oral argument, the court was informed that this petition (Continued)

6

Gachuma focuses on the Board's reference to an eventual divorce as the mistake of fact that warranted reconsideration. But as the BIA explained, the ultimate disposition of Gachuma's divorce proceedings was entirely immaterial to its prejudice analysis. In connection with her 2013 removal proceedings – where she was represented by the counsel in question – Gachuma herself indicated at the merits hearing that she lacked the funds for an I-130 visa petition and later, in a motion to reopen, that she had filed for divorce from her husband. Despite the fact that Gachuma and her husband never divorced, it remains the case that at the time Gachuma was represented by her former counsel, there was no reason to think that an I-130 visa petition filed by Gachuma's husband would have been a viable route to relief.

Gachuma also argues that the Board erred in both its original reopening decision and its denial of reconsideration when it held that she had failed to establish her prima facie eligibility for asylum. We disagree. To establish eligibility for asylum, an applicant must show that she was subjected to past persecution or that she has a well-founded fear of future persecution on account of a statutorily enumerated ground. *Ai Hua Chen v. Holder*, 742 F.3d 171, 178 (4th Cir. 2014); *see* 8 U.S.C. § 1101(a)(42)(A). There is no doubt the "barbaric practice" of female genital mutilation may serve as the basis for an asylum claim. *Niang v. Gonzales*, 492 F.3d 505, 510 (4th Cir. 2007). But here, the Board was well within its discretion in finding that Gachuma failed to present any such claim as to herself. *See*

---

has been approved. Our decision today of course has no bearing on the merits of that petition or on any subsequent proceedings in connection with that petition.

7

A.R. 3 (noting that Gachuma "did not claim that she had undergone the procedure or suffered other harm related to FGM").  Instead, the only claim that could be gleaned from Gachuma's motion to reopen was a derivative one, predicated on a fear of harm to her citizen daughter if her daughter accompanied her to Tanzania.  That kind of derivative claim, as the BIA explained, is contrary to its precedent, *see* A.R. 110 n.5, and as a result, counsel's failure to advance it cannot be deemed prejudicial.

Nor, finally, did the BIA abuse its discretion when it declined to reconsider its finding that Gachuma had not established a viable claim to a U-visa.  As the Board described in its original decision, Gachuma submitted with her motion to reopen a copy of her U-visa application that was incomplete, failing to signify that she satisfied all the requisite conditions.  A.R. 109 & n.4.  On reconsideration, the Board found no material error in that determination: "[W]e correctly observed that the respondent, on page 2 of her application for a U visa, had failed to indicate that she suffered substantial physical or mental abuse as a crime victim to qualify for that relief . . . ."  A.R. 3.  And while Gachuma contends on appeal that she did indeed mark that box on her application, she appears to be referring to a different and later-filed version of her application form; the version that accompanied her motion to reopen shows that no such selection was made.  *See* A.R. 130, 165.  Because the Board made no error in assessing the U-visa materials that were before it at the time it ruled on Gachuma's motion to reopen, it also did not abuse its discretion when it declined to reconsider that assessment.

8

## III.

For the reasons given above, the petition for review is denied.

*DENIED*