**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-1756

HANS IKAMBA LASWAY; IKUMBO CHARLOTTE NYANGE,

Plaintiffs - Appellants,

v.

KATHY A. BARAN, United States Citizenship and Immigration Service, California Service Center Director; UR M. JADDOU, United States Citizenship and Immigration Service Director, Office of the General Counsel; ALEJANDRO N. MAYORKAS, United States Secretary Department of Homeland Security; MERRICK B. GARLAND, United States Attorney General,

Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Senior District Judge.  (8:22-cv-02225-DKC)

Submitted:  February 27, 2024                          Decided:  February 29, 2024

Before WILKINSON, WYNN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Jennifer Leah Rozdzielski, JR IMMIGRATION LAW, Torrance, California, for Appellants.  Erek L. Barron, United States Attorney, Melissa Goldmeier, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hans Ikamba Lasway, a naturalized American citizen, and his wife, Ikumbo Charlotte Nyange, a native and citizen of Tanzania (hereinafter "Plaintiffs"), appeal the district court's order granting Defendants summary judgment and dismissing Plaintiffs' civil action, which was filed pursuant to the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706. We review de novo the district court's grant of summary judgment, employing the same standard used by the district court. *Roland v. USCIS*, 850 F.3d 625, 628 (4th Cir. 2017). Pursuant to the APA, a "reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be [] arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). We are limited to determining "whether the agency conformed with controlling statutes, and whether the agency has committed a clear error of judgment." *Holly Hill Farm Corp. v. United States*, 447 F.3d 258, 263 (4th Cir. 2006) (internal quotation marks omitted). "The ultimate standard of review is a narrow one. The court is not empowered to substitute its judgment for that of the agency." *Id.* (cleaned up).

Upon review of the arguments raised in Plaintiffs' appellate brief, in conjunction with the record and relevant authorities, we conclude that Plaintiffs do not satisfy this exacting standard. Specifically, we agree with the district court that the U.S. Citizenship and Immigration Services' denial of Lasway's I-130 Petition for Alien Relative benefiting Nyange, which was affirmed by the Board of Immigration Appeals, is not arbitrary, capricious, contrary to established law, or otherwise an abuse of discretion, and that the

2

dispositive factual findings are supported by substantial evidence. *See* 5 U.S.C. § 706(2)(A), (E).

Secondary to their arguments related to the APA claim is Plaintiffs' contention that the agency's disposition ran afoul of the Due Process Clause. But this iteration of a constitutional argument materially differs from the equal protection claim Plaintiffs asserted in the underlying civil complaint. The district court specifically declined to consider this theory because Plaintiffs raised it for the first time in their opposition to Defendants' dispositive motion, and we discern no error in the court's handling of this issue. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("It is well-established that parties cannot amend their complaints through briefing or oral advocacy.").

Accordingly, we affirm the district court's order. *Lasway v. Baran*, No. 8:22-cv-02225-DKC (D. Md. June 20, 2023). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3