**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-1086**

---

MD SHIFUL ISLAM,

> Plaintiff – Appellant,

> v.

DIRECTOR OF U.S. CITIZENSHIP AND IMMIGRATION SERVICES,

> Defendant – Appellee.

---

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Richard Mark Gergel, District Judge.  (2:23-cv-06423-RMG)

---

Submitted:  February 12, 2025                          Decided:  June 2, 2025

---

Before KING, GREGORY, and HEYTENS, Circuit Judges.

---

Affirmed by unpublished opinion.  Judge Gregory wrote the opinion, in which Judge King and Judge Heytens joined.

---

**ON BRIEF:**  Brad Banias, BANIAS LAW, LLC, Charleston, South Carolina, for Appellant. Brian M. Boynton, Principal Deputy Assistant Attorney General, William C. Peachey, Director, Glenn M. Girdharry, Assistant Director, Alessandra Faso, Senior Litigation Counsel, Aaron S. Goldsmith, Senior Litigation Counsel, District Court Section, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

GREGORY, Circuit Judge:

In this case, a Bangladeshi citizen challenges the United States Citizenship & Immigration Services' ("USCIS") decision to revoke his approved visa petition without providing him notice. Because this is a procedural due process claim, it falls within the scope of the jurisdiction-stripping provision, 8 U.S.C. § 1252(a)(2)(B)(ii). We therefore lack subject matter jurisdiction to review Appellant's claims and affirm the district court's denial of Appellant's request for injunctive relief.

I.

Plaintiff MD Shiful Islam ("MD") is a Bangladeshi citizen who was lawfully admitted to the United States as a student in 2013. J.A. 6. In August 2020, his employer Island Subway filed a Form I-140, Immigrant Petition for Alien Worker, which USCIS approved. J.A. 6–7. In October 2020, MD filed a Form I-485 application for adjustment of status. J.A. 7, 22.

On August 28, 2023, USCIS issued a Notice of Intent to Revoke ("NOIR") to Island Subway with respect to the Form I-140 petition it had previously approved. J.A. 7–9. The NOIR explained that approval had been in error because Island Subway submitted the Form I-140 application after the underlying labor certification had expired. J.A. 8. USCIS did not issue MD a copy of the NOIR. J.A. 8, 23. Island Subway timely responded, but USCIS revoked the petition on October 4, 2023. J.A. 9, 14–17.[1] USCIS did not send MD a copy

---

[1] Island Subway filed an administrative appeal, which was pending at the time of briefing. Resp. Br. at 14, 18.

of the revocation notice, and Island Subway did not give MD a copy of the notice in time for MD to appeal the revocation. J.A. 8–9, 24. Then on October 27, 2023, USCIS denied MD's Form I-485 application on the grounds that it could not approve an application in the absence of an approved visa petition. J.A. 15, 18–21.

MD filed suit against USCIS in December 2023 under the Administrative Procedure Act. J.A. 4. His first claim alleged that USCIS's revocation decision violated its own regulations and MD's procedural due process rights by not providing him with a copy of the NOIR. J.A. 9–11. He next alleged that USCIS's denial of his Form I-485 application was unlawful, as it was based on the allegedly unlawful revocation of the underlying I-140 petition. J.A. 11–12. Finally, he alleged that USCIS violated his procedural due process rights by revoking his immigrant visa without providing him a copy of the various notices and giving him an opportunity to respond. J.A. 12–13.

MD filed a motion for preliminary injunction seeking to enjoin the legal effects of the revocation on the basis of his "first and/or third claim." J.A. 28. USCIS contended that MD's claims were barred by 8 U.S.C. § 1252(a)(2)(B)(ii). *See* J.A. 30–31. The district court found that it lacked subject matter jurisdiction to consider MD's claims and therefore denied his motion. *See* J.A. 30–32. MD timely appealed. J.A. 36–37.

II.

When a district court dismisses a complaint pursuant to Rule 12(b)(1), we review its legal conclusions de novo. *Lovo v. Miller*, 107 F.4th 199, 205 (4th Cir. 2024). "When determining whether a statute deprives us of jurisdiction, we apply the 'well-settled and

3

strong presumption [that] when a statutory provision is reasonably susceptible to divergent interpretation, we adopt the reading that accords with traditional understandings and basic principles: that executive determinations generally are subject to judicial review.'" *Id*. at 206 (citing *Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 229 (2020)). "The presumption can only be overcome by clear and convincing evidence of congressional intent to preclude judicial review." *Id*. (internal citations omitted).

### III.

The district court correctly held that it lacked subject matter jurisdiction to consider MD's claims pursuant to the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq*. The first relevant section of the INA is § 1155, which states that:

> The Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this title.

8 U.S.C. § 1155. The second, § 1252(a)(2), is a jurisdiction-stripping provision that provides:

> (B) Denials of discretionary relief
>
> Notwithstanding any other provision of law (statutory or nonstatutory) . . . no court shall have jurisdiction to review— . . .
>
> > (ii) any [ ] decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . .

8 U.S.C. § 1252(a)(2)(B). Together, these provisions establish a system of discretion delegated to the Secretary for revoking petitions, including I-140 petitions, that is free from judicial oversight. The Supreme Court has explained that § 1155's "revocation provision

4

is a quintessential grant of discretion to the Secretary" such that it "falls within the purview of § 1252(a)(2)(B)(ii) [ ] that strips federal courts of jurisdiction." *Bouarfa v. Mayorkas*, 604 U.S. 6, 9, 13 (2024).

Four years prior to that Supreme Court decision, this Court proclaimed the same, holding that "§ 1155's plain language confers discretion upon the Secretary to revoke visa petitions," and therefore that § 1252(a)(2)(B)(ii) precludes judicial review. *Polfliet v. Cuccinelli*, 955 F.3d 377, 383 (4th Cir. 2020). MD acknowledges this clear precedent. Opening Br. at 4. However, he nevertheless argues that § 1252(a)(2)(B)(ii) does not preclude jurisdiction to hear procedural challenges such as his. *Id.* at 4–5. But *Polfliet* squarely forecloses that contention.

In *Polfliet*, the plaintiffs brought several types of claims: statutory claims, an improper retroactivity claim, and due process claims. 955 F.3d at 380. Relevant here, the plaintiffs' "due process claims asserted that they both had a constitutional property interest in the approved family visa petition, and USCIS deprived them of that interest without procedural due process." *Id.* This is the same type of claim that MD raised here, and the government in both cases argued that § 1252(a)(2)(B)(ii) barred review. *See id.* at 380; Resp. Br. at 16. In *Polfliet*, we addressed—and *rejected*—the plaintiffs' argument that "even if § 1155 is discretionary, at minimum courts have jurisdiction to review constitutional challenges to a visa revocation." 955 F.3d at 383. We instead held that the jurisdiction-stripping provision applies to constitutional claims, including procedural due process challenges. *Id.* at 383–84; *see also Reed v. Goertz*, 598 U.S. 230, 236 (2024) (describing "procedural due process" as a "constitutional right"). In reaching this

5

conclusion, the Court pointed to *Lee v. USCIS*, in which we had previously held that "[t]o the extent Congress decided to permit judicial review of a constitutional or legal issue bearing upon the denial of adjustment of status, it intended for the issue to be raised to the court of appeals during removal proceedings." *Id.* at 383–84 (quoting 592 F.3d 612, 620 (4th Cir. 2010)); *see also Roland v. USCIS*, 850 F.3d 625, 630 (4th Cir. 2017). Thus, if there is no removal proceeding pending, then the exception that would allow for judicial review of constitutional or legal claims is "inapplicable." *Id.* at 384.

With no removal proceeding pending in this case, § 1252(a)(2)(B)(ii) precludes judicial review of MD's due process claims. Accordingly, the district court's denial of MD's request for injunctive relief was proper.[2]

---

[2] We note that MD has forfeited any claim that USCIS violated its own procedures. While he did reference such an argument in his Complaint, alleging that USCIS's revocation of his I-140 "violates USCIS's regulations," J.A. 10, he did not sufficiently press it on appeal.

Per Rule 28(a) of the Federal Rules of Appellate Procedure, an appellant's brief "must contain appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies . . . ." Fed. R. App. P. 28(a)(8). "A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue." *Barnett v. United States*, 132 F.4th 299, 310 (4th Cir. 2025) (quoting *Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017)). A "passing shot" can be mention in a heading, but failure to further develop an argument, *see Belk, Inc. v. Meyer Corp.*, 679 F.3d 146, 152 n.4 (4th Cir. 2012), or a two-sentence paragraph in an opening brief, *see Real Time Med. Sys., Inc. v. PointClickCare Tech., Inc.*, 131 F.4th 205, 226 (4th Cir. 2025).

On appeal, MD states in the one-paragraph Summary of the Argument section of his brief that "USCIS does not have discretion to refuse to follow its own procedures," and later in the Argument section that "[a]gencies do not have discretion to ignore their own procedures." Opening Br. at 3, 5. But that is all. The rest of MD's brief focuses on (Continued)

IV.

For the reasons set forth above, the district court's denial of injunctive relief for lack

of jurisdiction is affirmed.  We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would

not aid the decisional process.

*AFFIRMED*

---

constitutional due process.  These passing references are plainly insufficient. *Cf. Real Time Med. Sys., Inc.*, 131 F.4th at 226.

If MD had properly raised this argument on appeal, we may have had jurisdiction to review the claim.  Numerous other Courts of Appeal have held that the jurisdictional bar does not apply to challenges regarding an agency's own procedures. *See, e.g.*, *Musunuru v. Lynch*, 831 F.3d 880, 887–88 (7th Cir. 2016); *Mantena v. Johnson*, 809 F.3d 721, 728–29 (2d Cir. 2015); *Kurapati v. USCIS*, 775 F.3d 1255, 1262 (11th Cir. 2014).

Nonetheless, MD's claim would have failed because USCIS plainly has followed its required procedure.  MD argues that "USCIS did not send him, the beneficiary of his employer's I-140 a copy of the [NOIR]," nor subsequent notices or the opportunity to respond.  Opening Br. at 5.  But the regulations are clear that it is the visa petitioner—in this case, Island Subway—who must receive notice of USCIS's intent to revoke an I-140, *not* the beneficiary—MD. *See* 8 C.F.R. § 205.2(b); *see also* 8 C.F.R. § 103.2(b)(16)(i); 8 C.F.R. § 103.5(a)(1)(i); *Musunuru*, 831 F.3d at 888.  Accordingly, the regulations do not entitle MD to any notice nor the opportunity to respond, contrary to his cursory contentions. He has presented no evidence to suggest that USCIS otherwise ignored its own procedures.